CARROLL v. BURCHETT.

(No. 49622—Decided February 6, 1967.)

Common Pleas Court of Scioto County.

Mr. *Robert K. McCurdy*, for plaintiff.
Mr. *Chester P. Fitch*, for defendant.

THOMPSON, J.  This matter is now before the court on a motion filed by the defendant for an order requiring the plaintiff to submit to a physical examination by an orthopedic surgeon.  The defendant requests that the plaintiff be required to appear within the jurisdiction of the court for the physical examination as well as the taking of plaintiff's deposition.

The plaintiff resides in the state of New Jersey and he filed his action on March 5, 1965.  The defendant has not had an opportunity to have the plaintiff examined nor his deposi-

tion taken as an aid in the preparation of his case for trial, or to use in the negotiation of a settlement.

With respect to the taking of plaintiff's deposition, this court has held in other cases that the procedure for taking depositions in Ohio is statutory, and that a party can only be compelled to submit to deposition in the county where he resides, except to an adjoining county. (See opinions of this court in case No. 49152, *The Ohio National Bank et al. v. Richard L. Smith et al*; case No. 48936, *Warner Willis, Jr. v. Glen C. Griffith et al* and case No. 47185, *Virginia June Long v. Phoenix Pie Company.*)

This decision will therefore deal with the main question of requiring plaintiff to return to the jurisdiction of the court for a physical examination.

There is no general statutory provision in Ohio covering the ordering of physical examinations of the plaintiff in personal injury cases. The rule in Ohio, however, seems to be well established that the court in such cases has inherent, discretionary power to order a reasonable physical examination of the plaintiff to be made before trial whenever such examination is necessary to ascertain the nature, extent, or permanency of the alleged injuries in the furtherance of substantial justice. *S. S. Kresge Co. v. Trester*, 123 Ohio St. 383; *Miami & Montgomery Turnpike Co. v. Bailey*, 37 Ohio St. 104.

According to these cases the defendant does not have an absolute right to such an examination of the plaintiff, but it lies within the sound discretion of the court and its decision will not be disturbed unless an abuse of discretion affirmatively appears. Likewise, the selection of the physician or surgeon lies entirely within the discretion of the trial court.

The location and the place of examination frequently create some problems for the parties and the court as in this case. While we have been exposed to the problem in some other cases, this is the first time this court has been required to face squarely the question of requiring the plaintiff to travel from another state to the jurisdiction of the court for the purpose of a physical examination. We have been able to find only one other reported case in the state of Ohio, where this question has been ruled upon.

In the case of *Record v. Elking*, 83 Ohio Law Abs. 92, the Common Pleas Court, Hamilton County, held:

"There is no authority in the law of Ohio to compel the opposing party to come to a jurisdiction outside of his residence for the taking of a deposition or a medical examination, and if defendant desires a medical examination, it must be done in the resident county or state of the plaintiff, or any other place where plaintiff may be found by a doctor of defendant's choice."

In that case the court refused to order the plaintiff to travel from Mobile, Alabama to Cincinnati, Ohio, for a physical examination.

The Common Pleas Court of Ashtabula County, in the case of *Steel* v. *True Temper Corporation*, 16 O. O. 2d 196, considered at great length the question of the authority of that court to order the plaintiff to travel to Cleveland for the purpose of a physical examination. In holding that the plaintiff should be required to travel to Cleveland, Judge Lambros, in the opinion said:

"The factors which must be considered in determining the distance or location of place of examination must be the availability of qualified examiners within close proximity of the court and the physical condition of the plaintiff. If the physical condition of the plaintiff is such that harm could result to the plaintiff from a trip to a distant location, then, it would be an abuse of discretion to require the plaintiff to travel such a distance."

Judge Lambros in that case called attention to the holding of the Arkansas Supreme Court in the case of *Reed* v. *Marley*, 230 Ark. 135, 321 S. W. 2d 193, 71 A. L. R. 2d 965, which upheld an order requiring plaintiff to travel 121 miles to Tulsa, Oklahoma, and holding that this was not an abuse of discretion.

This case, *Reed* v. *Marley*, is the subject of an annotation, 71 A. L. R. 2d, page 973, where, under Section 7, page 980, there appears a list of cases bearing directly on the question now before us on the authority to require a non-resident plaintiff to be examined in forum. Since there are not many cases on this question we shall take the time and space to examine each of them.

One of the earliest cases found was the case *Gale* v. *National Transportation Company*, District Court, Southern District, New York, 1946, 7 F. R. D. 237. The plaintiff was a resident of Massachusetts and objected to going to New York for exam-

ination. The action was one for personal injuries. The Federal Court allowed the motion and ordered the examination in New York.

In the case of *Pierce* v. *Brovig*, again in the United States District Court, Southern District, New York, 1954, 16 F. R. D. 569, plaintiff was a resident of the state of Georgia and was injured in Georgia, but commenced suit in Southern District of New York. Defendant moved to have plaintiff examined by deposition and physical examination in Southern District of New York. Plaintiff sought to have examination made in Georgia. The court ordered the examination in New York. It cited the case of *Anthony* v. *RKO Radio Pictures*, D. C. S., D. N. Y. 1948, 8 F. R. D. 422, which was a deposition question in which the court had ordered the plaintiff who had moved to Missouri subsequent to filing his petition in New York to return to New York for the deposition and in so doing, held that the plaintiff having chosen the New York court as his forum, it was not unreasonable to require him to return there for the deposition even though plaintiff contended this would be an undue financial burden upon him.

The court, following the reasoning of *Anthony* v. *RKO*, held in the *Pierce* v. *Brovig case* that plaintiff would be required to travel from Georgia to New York for a physical examination and deposition in spite of plaintiff's claim that he was not physically and financially able to do so. The court said, "Plaintiff chose to bring the action in this forum. Plaintiff cannot now complain that he should not be examined in this forum."

In the case of *Warren* v. *Weber & Heidenthaler* (1955), in United States District Court, Massachusetts, 134 Fed. Supp. 524, the plaintiff was a resident of Maine and the defendant was a New Jersey Corporation over whom service was obtained in Massachusetts. The defendant moved for a deposition and physical examination and the plaintiff moved that these two events take place in Maine and alternative that defendant pay plaintiff's expenses to Boston. Plaintiff's residence was 200 miles by land, plus 10 miles by water from Boston. The court said:

"I do not think it would be satisfactory, whatever might be said as to the place of taking of the plaintiff's deposition, for him to be examined by a physician in Maine. A Maine phy-

sician as a future witness would constitute a real handicap to the defendant. Conversely, the court will recognize that it is an imposition on a Massachusetts physician, to which most will not voluntarily submit even if adequately compensated, to go to Maine simply for an examination. This not being a hardship case, I will not require it."

The court further said:

"Neither do I believe that the defendant should be required to pay the plaintiff's expenses to Massachusetts. * * * It is no fault of the defendant that the plaintiff happens to live in Maine. The plaintiff himself selected this forum. *The rule is not changed by the fact that he may have selected it by necessity.*" (Emphasis ours.)

In connection with the payment of expenses of plaintiff by the defendant the court referred to *Solomon* v. *Teitelbaum* 9 F. R. D. 515, 1949, E. D. N. Y., a personal injury case by a resident of Virginia against a New York resident from an automobile accident in Maryland. Plaintiff sought to have the examination by way of deposition take place in Virginia or the expenses paid to New York. The court denied plaintiff's request and stated, "Nor does it appear why the plaintiff having embarked upon this litigation, should not assume all the incidents thereof which the law contemplates."

A more recent case along the same line was *Haviland & Company* v. *Montgomery Ward & Company*, again in S. D. N. Y. 1962, 31 F. R. D. 578, where defendants served notice to take deposition of an officer of plaintiff's corporation, a man eighty (80) years of age residing in France. There was a contention that this man was not physically able to appear in the forum for deposition. In the opinion, the court said:

"The plaintiff has selected this forum to enforce its rights and necessarily must expect that its officers and managing agents will be subjected to its process. Ordinarily, the plaintiff's deposition should be taken in this district, but in view of William D. Haviland's age and the claim of illness, it may, at plaintiff's option, be taken at his residence or some other convenient place at Limoges, France, conditioned, however, upon payment by the plaintiff to the defendants of first class air travel for its counsel, a per diem allowance for necessary attendance upon such deposition, and a reasonable counsel fee

for attendance thereat, to be fixed in the order to be entered herein; otherwise, the deposition shall be taken at this courthouse.''

It should be noted that while the deposition in this case was permitted to be taken at plaintiff's residence because of his age and physical condition, plaintiff was required to pay defendant's expenses of time and travel, thus still relying on the general rule that plaintiff be required to submit to examination in the forum at no expense to the defendant. See holding along the same line, *Fischer & Porter Co.* v. *Sheffield Corporation* U. S. D. C. Delaware 1962, 31 F. R. D. 534 at page 538.

These cases are all from the Federal Courts and under Rule 30 of the Rules of Civil Procedure, but this rule does not specifically provide where depositions and physicial examinations should be held, so the rule itself has no direct bearing upon the court's decisions, the rule being the means by which the issue arose.

In the case of *Bannell* v. *Liggett Drug Company, Inc.* (1956), New York Supreme Court, 151 N. Y. S. 2d 347, the court, while recognizing the right of the defendant to have plaintiff examined in forum would not force plaintiff to make a special trip, but delayed the examination until trial time. In this case, the plaintiff lived in Costa Rica, Central America, and sustained injury in New York City where suit was filed. By rule of the court, it was a condition for placing a personal injury action upon the trial calendar that plaintiff first serve and file a notice of the time and place where a physical examination of the plaintiff could be had. Defendant moved to strike the case from the trial calendar for the reason that plaintiff had not complied with that rule. The court overruled the motion to dismiss and in so doing said:

''Plaintiff having chosen this forum to litigate the issues, she should be physically examined, if at all possible, in this county, where the action was begun, if for no other reason than that defendant should have readily available for trial preparation and the trial, the physician making the examination for the defendant. Plaintiff resides approximately 2,626 air miles from New York City.

''Rule XII (1) gives defendant a right which formerly could be obtained only upon application to the court. This

privilege is given to the defendant for the purpose of facilitating the settlement before trial of personal injury cases. It was not designed to enable the defendant to deprive the plaintiff, a nonresident, of a trial on the merits.

"Defendant, in support of its motion to strike this action from the personal injury jury calendar, urges that it will be greatly inconvenient if it accepts plaintiff's offer of a phyical examination in San Jose, Costa Rica. The defendant does not say that the plaintiff is not available for examination at the time and place specified. What defendant proposes is that plaintiff make herself available for examination in New York City. The examination is for the benefit of the defendant. The ends of justice do not dictate that the hardship, both physical and financial, of a long journey should be visited on this plaintiff for the sole purpose of a physical examination. Presumably, however, plaintiff will attend for the trial of the action.

"The motion to strike this cause from the calendar of this court, in the exercise of discretion, in view of the permanent residence of the plaintiff at a point 2,626 air miles from the place of trial, is granted to the extent that the cause is permitted to be advanced in regular order until it reaches a place on the ready jury day calendar; then the trial of the cause is stayed until the plaintiff shall have served a notice in accordance with Rule XII (1), specifying a place within New York County for the examination of the plaintiff. The motion is in all other respects denied.

"This holding is without prejudice to any application the defendant may be advised to make with reference to a physical examination in Costa Rica or elsewhere."

I feel that from these decisions we can reach the conclusion that in most cases the courts will require the plaintiff to submit to a physical examination within the forum, primarily, for the reason that to do otherwise would deprive the defendant of the right and opportunity to have a physician to assist in the preparation of the trial and to have a witness under the jurisdiction of the court and subject to subpoena for trial. That the matter is within the discretion of the courts in all cases and that the courts may make such orders as shall be justified under the facts of the particular case.

I feel that we can reach a further conclusion that it is the

policy of the courts to require the parties to a law suit to submit to all lawful and reasonable procedural orders necessary to bring the case to trial and to do justice to all parties.

Courts also have ever increasing problems with crowded dockets of personal injury cases. It is desirable, to say the least, that courts in the furtherance of justice, keep the cases moving and encourage settlement where settlement is possible. Physical examination of the plaintiff by defendant's physician is a necessity in personal injury cases and has become a standard practice as one of the means of evaluating the plaintiff's case, not only for trial but for settlement negotiations. It is necessary therefore that the courts cooperate in bringing the parties together in settlement or getting them to trial as soon as practical.

Defendant's motion to require plaintiff to submit to a physical examination is allowed. Unless there is further showing on the part of the plaintiff of severe physical injuries which would work a hardship upon him if he were required to travel to Portsmouth, Ohio, the physical examination shall be held in the forum. If the plaintiff so requests, the expenses of such trip to Portsmouth shall be advanced to him by the defendant but may be deducted from any amount of damages later recovered by plaintiff from the defendant. If no recovery is had by plaintiff, then the expenses shall rest upon the defendant.

While it would be more practical to take plaintiff's deposition at the same time as the physical examination in the forum, this court cannot so order because of the statutory regulation of depositions.