N. C. R. Employees' Independent Union for the purpose of negotiation under the agreement between said company and said union.

It is further ordered that the defendants recognize plaintiff as president of said union and therein and thereby permit him to forthwith assume his office, including entrance into, and use of, the headquarters of the union.

Further it is ordered that the aforesaid secretary of said union forthwith cause notice of this judgment to be given to each member of the executive committee and cause said decree to be entered in the executive committee's minutes or record at the next meeting thereof.

Further it is ordered that the defendant union restore unto the plaintiff his salary as such president of said union, retroactive to the date it was discontinued.

Costs in each case are ordered taxed to the defendant union.

Exceptions to any adverse orders or ruling are hereby noted.

DEMOREST ET AL. *v.* CSOREY.

[Cite as Demorest v. Csorey, 15 Ohio Misc. 105.]

(No. 47489—Decided May 27, 1968.)

Common Pleas Court of Lake County.

*Messrs. Sindell, Sindell, Bourne, Markus, Stern &
Spero* and *Mr. Keith Spero,* for plaintiffs.

*Messrs. Hauxhurst, Sharp, Mollison & Gallagher* and
*Mr. Forrest Norman,* for defendant.

SIMMONS, J. Defendant has moved the court for an
order requiring plaintiffs to travel to Lake County prior
to commencement of trial so that he may have them physi-
cally examined by his doctors and may take their deposi-
tions.

After considering the motion, briefs for and counter
and the law, and also information obtained by the court
at pre-trial hearing, the motion is sustained in part subject
to conditions.

Plaintiffs George and Zelda Demorest are ordered to
travel to Cuyahoga County, Ohio, and submit to examina-
tion by doctors of defendant's choice, not exceeding one
neurologist or neurosurgeon and one orthopedic surgeon.
These plaintiffs are also ordered to submit themselves for
deposition examination by defendant at whatever office in
Cuyahoga County he should specify. These various exam-
inations shall take place not later than August 30, 1968,
and shall be scheduled in such a manner as to require plain-
tiffs to be in Cuyahoga County for these purposes no
longer than two consecutive days.

As a condition upon the obligation of plaintiffs to com-
ply with the terms of this order defendant shall agree to
reimburse plaintiffs for their reasonable transportation and
living expenses which they will incur in complying. Trans-
portation expense shall include economy class airfare from
their home in Utah to Cuyahoga County and return, to-
gether with such other incidental expense for travel by cab
or public service as is reasonably necessary.

Living expense shall be confined to non-luxury lodg-
ing and normal meals while in Cuyahoga County for the
purpose of these examinations. Any dispute between the
parties as to the reasonableness of the expenses of plain-
tiffs shall be tendered to the court for resolution. Any
dispute over the identity of the examining physicians

chosen by defendant shall also be submitted to the court with a statement of plaintiffs' objection. For this pur-pose, defendant shall obtain the appointments and acquaint plaintiffs with the appointment dates and times together with the identities of the physicians at least two weeks prior to the appointments.

Exceptions are noted for all parties affected by this order.

IT IS SO ORDERED.

An examination of the law in this and other state jur-isdictions pertinent to this motion shows a vast diversity of opinion. The Ohio cases cited by counsel are not in agreement with one another. The sole Supreme Court decision, *Kresge* v. *Trester*, 123 Ohio St. 383, simply finds that the trial court is lodged with discretion on the sub-ject, a principle with which neither counsel disagrees. The case of *Steele* v. *True-Temper Corporation*, within this court's appellate district, is authority only for the prin-ciple that the court should consider all the circumstances in each case before deciding whether to require examination in the place of plaintiff's residence or outside it. Thus it is not direct support for this motion nor support for plaintiffs' opposition to it, since plantiff in the *Steele* case was a resident of the forum county.

Complicating the Ohio picture, the court in the most recent case of *Carroll* v. *Burchett*, 10 Ohio Misc. 123, mis-takenly refers to the *Steele* case as authority that the plaintiff can be required to come from an out of state residence to the Ohio forum county. Then, the court in *Carroll* makes a further mistake, in my judgment, by draw-ing a distinction between a physical examination and a deposition.

In my mind the decision in the case of *Nomina* v. *Egge-man*, 90 Ohio Law Abs. 57, is the better reasoned decision and the one I favor. No distinction can logically be drawn between the inherent power of the court to require parties under its jurisdiction to submit either to depositions or physical examination since the power to order both stems from the same source. It would be odd indeed if the power

was sufficient to force a plaintiff to expose his body to examination, but not his mind and memory. Both his body and his mind are matters equally open to a defendant for discovery purposes.

The following cases in Federal District Courts approve the order which is granted here: Generally, cases cited in 71 A. L. R. 2d 965; *Reed* v. *Marley*, 321 S. W. 2d 193 (Ark. to Okla.); *Gale* v. *National Transportation Company*, 7 F. R. D. 237 (from Mass. to New York); *Pierce* v. *Brovig*, 16 F. R. D. 569 (Ga. to New York); *Warren* v. *Weber*, 134 Fed Supp. 524 (Maine to Mass.).

In addition these New York cases support it: *Bannell* v. *Liggett Drug Company*, 151 N. Y. S. 2d 347 (Costa Rica to New York) and *Anthony* v. *R. K. O. Radio*, 8 F. R. D. 422 (Missouri to New York).

Where inconvenience is inevitable to one or the other party because of the distance separating plaintiff's residence and a forum, plaintiff must bear the larger part of it by virtue of having chosen the forum. This rule is not changed by the fact that the choice may have been dictated by necessity.

In the process of balancing rights and apportioning hardships, however, the court should endeavor to avoid extreme impositions on either side. So where the cost of complying with an order of this type is so substantial, comprising transportation, food and lodging, care of minor children and loss of earnings items, as likely to be crippling upon plaintiffs, it is reasonable to require a defendant to defray a portion of that cost as a condition to the enforcement of the order itself.