**INSULATION UNLIMITED, INC.**

v.

**TWO J'S PROPERTIES, LTD. et al.**

Ohio Court of Common Pleas,
Miami County.

No. 97–324.

Decided Nov. 26, 1997.

**20**

*Gerald L. Turner,* for plaintiff.

*Jeffrey D. Swick,* for defendants.

JEFFREY M. WELBAUM, Judge.

This matter came on for the court's consideration upon the motion of defendants for a protective order filed October 22, 1997. On October 24, plaintiff filed its memorandum in response. Plaintiff filed a supplemental memorandum on November 14, to which defendants responded on November 17.

Plaintiff, Insulation Unlimited, Inc., brings an action for money damages premised on various claims stemming from an account for services. It states that it repaired a roof at a building located at 125 Clark Avenue, Piqua, Ohio, from October 29, 1995 until the spring of 1996. In its memorandum and supplemental memorandum, plaintiff outlines and displays by a chart an elaborate series of transactions involving various corporations. According to the information stated in the pleadings and alleged in the memoranda, these transactions allegedly involve entities in which the individually named Scarbrough defendants were, in various respects, controlling shareholders, officers, directors, or members. These transactions, subsequent to the contract and roof repair, are alleged to consist of corporate dissolutions, total asset transfers to new corporations or entities, recorded and unrecorded mergers, spinoffs, name changes, and possible assumptions of liability. Plaintiff first contends that the depositions are necessary to ascertain who has the obligation to pay the underlying obligation in the event that it is proven. Second, plaintiff states that it needs to know whether the responsible parties have taken intentional steps through corporate manipulations to render themselves judgment-proof.

Plaintiff claims that it needs to depose James Scarbrough, John D. Scarbrough, Jr., and John D. Scarbrough, Sr. as individual defendants and in their capacity as corporate officers and directors of several of these corporations to ascertain this information. Plaintiff states that it has offered to enter into a stipulation as to which defendant would be responsible for paying and escrowing the funds for payment of the judgment in the event plaintiff is successful on the merits, but the defendants have refused.

Defendant MVWE, f.k.a. Piqua Waste Equipment, Inc., admits that it entered into the contract with plaintiff and filed a counterclaim alleging breach of contract and defective and negligent workmanship. However, plaintiff has expressed its need to know information regarding whether MVWE is the proper party responsible for the obligation for purposes of collection of the judgment.

The defendants give several bases to support their contention that they should be granted a protective order as to oral depositions. In essence, the defendants claim that since John D. Scarbrough Sr. and James Scarbrough have never had any contact with plaintiff, attempts to gather information from them is frivolous and the lawsuit is frivolous. They state through their foregoing filings and by their answer and counterclaim that the information concerning this transaction is known only by John D. Scarbrough, Jr., who entered into the contract with plaintiff as an officer of defendant MVWE, f.k.a. defendant Piqua Waste Equipment, Inc. Therefore, they contend that plaintiff is interested not so much in discovering information regarding the corporate defendants as in subjecting the

Scarbrough defendants to annoyance, embarrassment, oppression, and undue burden. Grafted onto this argument is that the information sought is irrelevant.

Defendants John D. Scarbrough Jr. and Sr. give additional grounds in support of their motion. John D. Scarbrough, Jr. states that he resides in Jensen Beach, Florida, and should not be required to appear here to attend his deposition. He informed plaintiff that he would be here for six days in November and agreed to attend his deposition on the condition that the other Scarbrough defendants were not required to do so. He states that this offer was refused because plaintiffs wanted to depose all three of the Scarbrough defendants. He was not served with a notice to take his deposition concerning the time he was in this county. Presumably, he has left the county and is presently in Mexico on business as he indicated he would be in the defendants' memoranda. Defendant John D. Scarbrough, Sr. states through the representations of his attorney that he is eighty-five years old and a deposition would be highly upsetting for him.

Plaintiff does not contend that John D. Scarbrough, Sr. and James Scarbrough know about the details of the contract. Plaintiff wants to know about the obligations owed by virtue of the contract by their various entities which possibly owned the property during the repair period or thereafter assumed the liability of the alleged obligation. It is too early to tell whether the discovery sought is frivolous or whether the entire lawsuit is frivolous. We will not know the answers to these issues until the information is gathered and a prevailing side is determined. In the meantime, the court will attempt to protect the rights of all parties during the discovery process in accordance with legal precedent.

The first issue presented is whether these parties have met their individual burdens to demonstrate good cause justifying issuance of a protective order under Civ.R. 26(C), to prohibit plaintiffs from taking their depositions in Miami County, Ohio, as required by the notice.

 Matters are exempt from discovery only if the matter is privileged or is totally irrelevant to the subject matter of the inquiry. The burden is on the objecting party to clearly show that the information sought is privileged or not relevant. *Mut. of Omaha Ins. Co. v. Garrigan* (1971), 31 Ohio Misc. 1, 60 O.O.2d 29, 285 N.E.2d 395. The relevancy test for purposes of discovery has been given a very liberal construction. *Stokes v. Lorain Journal Co.* (1970), 26 Ohio Misc. 219, 55 O.O.2d 363, 266 N.E.2d 857. The party opposing a discovery request has the burden to establish that the requested information would not reasonably lead to the discovery of admissible evidence. *State ex rel. Fisher v. Rose Chevrolet, Inc.* (1992), 82 Ohio App.3d 520, 612 N.E.2d 782. Plaintiff has established relevance of the information sought herein when liberally construed for purposes of discovery.

It is the burden of the defendants as the objecting parties to clearly show that the information sought is privileged or not relevant. They have not satisfied this burden. Rather, the defendants have argued that plaintiff may attempt to obtain the same information in a less intrusive way by way of deposition of an organizational representative under Civ.R. 30(B)(5). The language of that rule provides that it "does not preclude taking a deposition by any other procedure authorized by these rules." The rule gives the proponent of the deposition the choice of whom it will depose. It does not mandate that the organization should be given the choice of designating a representative.

A party may obtain discovery regarding any unprivileged matter that is relevant to the subject matter of the litigation. The rule comports with the policy of affording parties ample opportunity to conduct discovery. See *Stegawski v. Cleveland Anesthesia Group, Inc.* (1987), 37 Ohio App.3d 78, 85, 523 N.E.2d 902, 910. At the same time, a court may limit discovery to prohibit "fishing expeditions" in which a party gives an overly broad discovery request in hopes of stumbling across unforeseen information that aids his case. See *Bland v. Graves* (1993), 85 Ohio App.3d 644, 659, 620 N.E.2d 920, 929–930. To satisfy these concerns, a trial court must balance the relevance of the discovery request, the party's need for discovery, and the hardship upon the party from whom the discovery is requested. *Huebner v. Miles* (1993), 92 Ohio App.3d 493, 501, 636 N.E.2d 348, 353–354. The trial court is expected to exercise broad discretion in the regulation of discovery. *Bland,* 85 Ohio App.3d at 659, 620 N.E.2d at 929–930; *Kalaitsides v. Greene* (June 12, 1996), Summit App. No. 17196, unreported, 1996 WL 325300.

The objecting defendants have not clearly shown that the information sought is irrelevant. Therefore the court will proceed to balance the relevance of the discovery request, the parties' need for discovery, and the hardship upon the party from whom the discovery is requested. *Huebner v. Miles, supra.*

Although the rules regarding party and witness deponents are different, there are common elements. The Civil Rules permit a party to be compelled to testify in a deposition only by way of a notice of examination under Civ.R. 30(A). Civ.R. 45(A)(1)(C). Witness deponents may be compelled to submit to deposition only under Civ.R. 45. Civ. R. 30(A). Civ.R. 45(A)(b)(i) and (ii) provide that subpoenas may be used to compel attendance or production of documents or tangible things from witness deponents. Civ.R. 45(C) provides protection to persons by requiring the party compelling attendance to avoid imposing undue burden or expense on the person subpoenaed. Subsection (C)(3)(d) authorizes the court to quash or modify the subpoena or impose conditions if compliance would subject the person to "undue burden." Likewise, a deponent may move for a protective order to prevent "annoyance, embarrassment, oppression, or undue burden or expense"

under Civ. R. 26(C). *Midwest Sportservice, Inc. v. Andreoli* (1981), 3 Ohio App.3d 242, 3 OBR 273, 444 N.E.2d 1050,

Courts, legislatures, and commentators have struggled with resolving where parties may be required to submit to depositions. This is reflected by the number of motions for protective orders filed with the court on the subject. Trial courts have been expected to exercise broad discretion in this area. *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 63 O.O.2d 88, 295 N.E.2d 659; *Ward v. Hester* (1972), 32 Ohio App.2d 121, 61 O.O.2d 124, 288 N.E.2d 840, affirmed (1973), 36 Ohio St.2d 38, 65 O.O.2d 181, 303 N.E.2d 861; *S.S. Kresge Co. v. Trester* (1931), 123 Ohio St. 383, 175 N.E. 611; *Midwest Sportservice, Inc. v. Andreoli* (1981), 3 Ohio App.3d 242, 3 OBR 273, 444 N.E.2d 1050; *Welter v. Welter* (C.P.1971), 27 Ohio Misc. 44, 55 O.O.2d 302, 267 N.E.2d 442; *Carroll v. Burchett* (1967), 10 Ohio Misc. 123, 39 O.O.2d 218, 226 N.E.2d 353; *Demorest v. Csorey* (1968), 15 Ohio Misc. 105, 44 O.O.2d 274, 239 N.E.2d 261.

A brief review of the history of these issues sheds light on the present analysis. In prior practice, former R.C. 2317.17 provided that "no person can be compelled to go out of his county to have his deposition taken." However, it was determined that a party could be deposed in the county of his residence or an adjoining county. *Carroll v. Burchett,* 10 Ohio Misc. 123, 39 O.O.2d 218, 226 N.E.2d 353. Likewise, when this statute was in effect, another court determined that an out-of-state plaintiff from Utah could be required to travel to either the forum Cuyahoga County or an adjoining county thereof for depositions and physical examination upon certain payment conditions by the defendant warranted by the plaintiff's circumstances. *Demorest v. Csorey, supra.*

Subsequently, upon the repeal of this statute in 1971, the adoption of Ohio Civ. R. 45(D)(2) further expanded the territory in which a witness could be compelled to be deposed. The rule provided, "A person whose deposition is to be taken may be required to attend an examination in the county wherein he resides or is employed or transacts his business in person, or at such other convenient place as is fixed by an order of the court." This rule provision remained in effect until 1993.

 There is no limitation on the location of a deposition of a party beyond the protections of Civ.R. 26(C). Presently, under Civ. R. 45 as amended in 1993, the party seeking discovery is subject to no express listing of authorized locations for the deposition of a witness. *Midwest Sportservice, Inc. v. Andreoli, supra;* 5 Anderson's Ohio Civil Practice (1994), Section 160.06. The commentators in Anderson's Ohio Civil Practice, at Section 160.06, opine that the deposition locations enumerated in the former version of Civ.R. 45(D)(2) should continue as a matter of practice. However, the court disagrees. The court is required to place significance on the fact that the provision listing deposition locations was

amended. When considerable change is made in the phraseology of a former law, the inference is reasonable that a change of meaning was also intended to the extent of the change in the language. *Malone v. Indus. Comm.* (1942), 140 Ohio St. 292, 299, 23 O.O. 496, 499, 43 N.E.2d 266, 270; *State ex rel. Durr v. Spiegel* (1914), 91 Ohio St. 13, 109 N.E. 523; *Hancock Cty. Bd. of Edn. v. Boehm* (1921), 102 Ohio St. 292, 131 N.E. 812; *State ex rel. Methodist Children's Home Assn. v. Worthington Bd. of Edn.* (1922), 105 Ohio St. 438, 138 N.E. 865; *Bloom v. Richards* (1853), 2 Ohio St. 387.

If there are no express limits regarding the location of witness depositions upon the amendment of former Civ.R. 45(D)(2), none can be inferred to apply to the location of party deponents. A party deponent is left to rely on Civ. R. 26(C) to justify issuance of a protective order to limit or change the time, place, or location of a lawfully noticed deposition.

The court is aware of a significant body of federal case law regarding depositions of corporate officers. It provides that generally the depositions of corporate officers or agents should be taken at the corporation's principal place of business as enunciated by *Salter v. Upjohn Co.* (C.A.5, 1979), 593 F.2d 649; *Puricelli v. Morrisville* (E.D.Pa.1991), 136 F.R.D. 393, and other cases cited therein, too numerous to recite here. Most discovery rulings are interlocutory in nature and not reported. Discovery problems are more prevalent on the federal level due to the greater frequency of long distances between the parties. Ohio courts have relied upon federal discovery cases for guidance for lack of our own since the Ohio Civil Rules are chiefly patterned after the Federal Civil Rules. *Jira v. Erie Lackawanna R. Co.* (1970), 25 Ohio Misc. 161, 54 O.O.2d 177, 263 N.E.2d 789; *Hensley v. Fairview Park Hosp.* (1970), 26 Ohio Misc. 128, 54 O.O.2d 348, 265 N.E.2d 800; *Forest Hills Utility Co. v. Heath* (1973), 37 Ohio Misc. 30, 66 O.O.2d 66, 302 N.E.2d 593; *Washington Cty. Farm Bur. Co-op. Assn. v. Baltimore & Ohio RR. Corp.* (1972), 31 Ohio App.2d 84, 60 O.O.2d 174, 286 N.E.2d 287,

There are no Ohio cases found by the court following or adopting the federal corporate-situs rule for the taking of these depositions. Although the court is not bound to follow the rule, it should consider the rationale behind the rule and its exceptions for guidance here. The rule applies when there is a showing that the corporate officer involved is required at the corporation headquarters for day-to-day decisions that would be impeded by the location of the proposed deposition, and the absence of the officer from the corporation headquarters would cause serious problems for the corporation. *Buryan v. Max Factor & Co.* (S.D.N.Y. 1967), 41 F.R.D. 330; *Tomingas v. Douglas Aircraft Co.* (S.D.N.Y.1968), 45 F.R.D. 94; *Terry v. Modern Woodmen of Am.* (W.D.Mo.1972), 57 F.R.D. 141. If it can be shown that the deposition of the corporate officer is expected to require

voluminous records located at the corporate headquarters, the deposition should be taken there. *Fairhope Fabrics, Inc. v. Mohawk Carpet Mills, Inc.* (C.D.Mass. 1956), 140 F.Supp. 313. Many cases, like *Salter v. Upjohn, supra*, and *Puricelli v. Morrisville, supra*, presume that these circumstances exist, placing the burden on the deposing party to show why the officer should not be deposed at the corporate headquarters.

■ Here, with one exception, there is no indication from anyone where the corporate records or principal places of business of the defendant organizations are. Although the counterclaim indicates that the principal place of business of MVWE, f.k.a. Piqua Waste Equipment, Inc., is in Miami County, Ohio, John D. Scarbrough, Jr. has not been an officer or director of that corporation since May 1996. John D. Scarbrough, Jr., does not reside in Ohio. Although he is a member of defendant Two J's Property, Ltd., the court has not been informed of the location of the principal place of business or principal location of the records of that organization.

Here Scarbrough, Jr., is a named party. He is not only being asked to return to the situs of a defendant corporation of which he was an officer, he is presently a member of an alleged successor business entity which is also a named defendant. Also, this is the venue where he admittedly participated in the subject transaction and where the subject property is located. He states that he is a resident of Florida, but he does not contend that he does not return to Miami County on a regular basis or that he is otherwise unavailable to do so in the immediate future.

Plaintiff indicated on the face sheet of the complaint that the defendant Scarbrough, Jr., resides at 10596 N. Hetzler Drive in Piqua, Ohio. The attempted service of process by certified mail directed to this defendant at that residence was returned to the court with a postal designation "Unclaimed." Ordinarily, this indicates that at the time the letter was sent the mailing address was valid for the addressee. It is unknown to the court whether the present residence of this defendant in Florida is permanent or temporary during the winter months.

For these reasons, the court will apply the usual principles applicable to determining protective orders concerning the location of depositions on the facts presented. One commentator has concluded that although the question of where to take the deposition of a party is somewhat problematical, the resolution of the question will turn on two considerations: (1) Whether the deponent is a plaintiff or defendant, and (2) What location is fairest to everyone, all things considered? Purdue Ohio Trial, Winter, 1991, at 10.

The differences in considerations between whether a deponent is a plaintiff or defendant are worth discussing. Under federal law, while a court may order a

defendant to appear at any convenient place, case law indicates that "it will be presumed that the defendant will be examined at his residence or place of business or employment." *Farquhar v. Shelden* (E.D.Mich.1987), 116 F.R.D. 70, 72, citing 6 Moore's Federal Practice (3 Ed.1998), Section 26.70[1]-[3], and cases cited therein. In the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located. Underlying this rule appears to be the concept that it is the plaintiff who exercises the first choice as to the forum. The defendants, on the other hand, are not before the court by choice. Thus, courts have held that plaintiffs normally cannot complain if they are required to take discovery at great distances from the forum. *Farquhar, supra,* at 72, citing *Work v. Bier* (D.D.C.1985), 107 F.R.D. 789, 792.

Like federal law, the authority of the court to order either plaintiffs or defendants who reside out of state to appear in the forum county for depositions under Ohio law is well established. For example, in *Midwest Sportservice, Inc. v. Andreoli, supra,* the court held that a party defendant may be compelled to appear "in this forum" for the purpose of being deposed, regardless of residency or domicile, simply by serving the party with notice. In *Welter v. Welter, supra,* the court determined that nonresident plaintiffs from Oklahoma could be compelled to travel to Ohio for a deposition and physical examination upon conditions. See McCormick, Ohio Civil Rules Practice (2 Ed.1992), Section 10.17, at 253; Note (1972), 33 Ohio St.L.J. 246; 36 Ohio Jurisprudence 3d (1982), Discovery and Depositions, Section 176.

██ A court is authorized to issue a protective order where the discovery at issue would result in great inconvenience to the party or witness. *Ginsberg v. Ry. Express Agency, Inc.* (S.D.N.Y.1945), 6 F.R.D. 371, *Ellis Air Lines v. Bellanca Aircraft Corp.* (D.Del.1955), 17 F.R.D. 395. Good cause has been found to exist on the ground of travel distance when the distance or expenses were excessive. *Clair v. Philadelphia Storage Battery Co.* (E.D.Pa.1939), 27 F.Supp. 777; *Sullivan v. S. Pacific Co.* (S.D.N.Y.1947), 7 F.R.D. 206; *Salitan v. Carrillo* (1961), 69 N.M. 476, 368 P.2d 149. One court observed that the determination of where the depositions of parties will be held is a process of balancing rights and apportioning hardships. The court stated that it should endeavor to avoid extreme impositions on either side. *Demorest v. Csorey, supra.*

The practicalities of the circumstances here must be considered in balancing rights, apportioning hardships, and attempting to avoid extreme impositions. Neither party claims a lack of resources or any specific inability or impediment beyond annoyance hindering travel to the depositions at either the Miami County or Florida location. However, fewer people would be required to make a long journey if the depositions are held in Miami County, rather than in Florida. If

the depositions were held in Florida, at least two attorneys from Ohio would be making the trip as well as one or more party representatives.

It would be less expensive to hold the depositions at Miami County rather than Florida. As a result, the parties should incur less collective expense by conducting the depositions in Miami County. The court does not need to determine which party is best able to bear these expenses because neither side has claimed it is without sufficient financial resources to bear the expense of travel without hardship.

Obviously, John D. Scarbrough, Jr. will be inconvenienced and annoyed if the depositions are held in Miami County if he resides in Florida. However, the threshold of acceptable inconvenience is different for a party than a witness deponent. In litigation all parties are inconvenienced and annoyed to some degree. One side or the other will necessarily be subjected to displeasure whether the depositions of the officers are held in Miami County or Florida. The inconvenience involved falls within the scope that is reasonably expected to be tolerated by a party as inherent to the process of normal litigation experienced by a present or former corporate officer and individually named defendant. Generally, the threshold of inconvenience to be tolerated by a party to trigger the protection of the court in a discovery matter is higher than that of a nonparty witness, since the party has a higher stake in the outcome of the litigation.

Civ.R. 26(C) and 45(C)(2)(d) speak in terms of protection upon a sufficient showing of "undue burden or expense." "Undue" has been defined as "exceeding or violating propriety or fitness; EXCESSIVE, IMMODERATE, UNWARRANTED; * * * contrary to justice, right, or law: UNLAWFUL." Webster's Third New International Dictionary (1986) 2492. It is the defendants' burden to establish these grounds.

Absent an affirmative showing by defendants that John D. Scarbrough, Jr. should be deposed in Florida, the court cannot state that the depositions being held in Miami County, Ohio, under these circumstances rise to the level triggering the grounds of Civ.R. 26(C) warranting issuance of a protective order requiring the depositions to be taken in Florida or some place in between.

A court should exercise its power to issue protective orders in discovery matters sparingly. *Schwartz v. Broadcast Music* (S.D.N.Y.1954), 16 F.R.D. 31, 33. Here, defendants James Scarbrough and John D. Scarbrough, Jr. have not shown good cause that justice requires an order totally relieving them from their responsibility to submit to oral depositions.

The discovery period is extended ninety days from the filing of this order. The court hereby fashions a remedy that is minimal in its potential for annoyance and burden to both sides.

The court will first address the simple and hopefully least expensive solution. If defendant John D. Scarbrough, Jr. is not expected to be in the area of Miami County within the next thirty days, the parties shall first consider proceeding with a telephonic deposition of defendant John D. Scarbrough, Jr. under Civ.R. 30(B)(6). The issues and considerations raised by the parties in their memoranda appear at first blush to be of a nature that a telephonic deposition might suffice to protect the interests of all parties under Civ.R. 30(B)(6). *Redland Soccer Club v. Dept. of the Army* (C.A.3, 1995), 55 F.3d 827; *Rehau, Inc. v. Colortech, Inc.* (W.D.Mich.1993), 145 F.R.D. 444.

The parties are ordered to investigate the matter and discuss the logistics of conducting telephonic deposition of defendant John D. Scarbrough, Jr. with the purpose of possibly entering into a stipulation as envisioned by the rule. In the event an agreement cannot be reached regarding the logistics of a telephonic deposition within fourteen days of the filing of this order, a motion for the same may be filed within twenty days from the filing of this order, proposing the necessary logistics. To prevail on that motion the movant needs to demonstrate a legitimate reason justifying the procedure. Upon such a showing the burden shifts to the respondent to demonstrate why a telephonic deposition will not suffice. *Jahr v. IU Internatl. Corp.* (M.D.N.C.1986), 109 F.R.D. 429. If that relief is not sought within such time, then the remainder of this order shall be effective.

If the telephonic deposition option is not utilized by the parties by agreement or order upon motion, the oral deposition of John D. Scarbrough, Jr. shall be taken by notice in Miami County within a reasonable time from the filing of this order. Prior to serving notice of the deposition, plaintiff shall first attempt to conduct the deposition at a time within thirty days from the filing of this order when Scarbrough, Jr. is otherwise voluntarily scheduled to be or actually is in the area of Miami County.

In the event the deposition is held in Miami County at a time when this defendant is not voluntarily in the area, plaintiff and defendant John D. Scarbrough, Jr. shall equally share the cost of the ordinary, reasonable, and necessary expenses of round trip travel, lodging, and food of John D. Scarbrough, Jr. from his home in Florida to Piqua, Ohio, or some other convenient location agreed to by the parties. These expenses shall be taxed as costs with the total amount being paid by the nonprevailing party as between plaintiff and any solvent defendant against which judgment is entered. In the event a prevailing party is not ascertainable between these two sides, or if the sum of the expense is deemed uncollectible or is not collected within ninety days from the imposition of judgment, then plaintiff and defendant John D. Scarbrough, Jr. shall bear the expense equally.

■ Defendants James Scarbrough and John D. Scarbrough, Sr. reside in Piqua. Considering the foregoing factors, it is the order of the court that plaintiff may depose defendant James Scarbrough pursuant to notice in Piqua, Miami County, Ohio.

■ However, due to defendant John D. Scarbrough, Sr.'s age of eighty-five years, the protective order regarding defendant John D. Scarbrough, Sr. is granted to the extent that he shall not be required to submit to a deposition until James Scarbrough, John D. Scarbrough, Jr., and the designated corporate representatives under Civ.R. 30(B)(5) have been deposed. If after taking the depositions of both of the other Scarbrough defendants and the designated corporate representatives, plaintiff determines that there is a need to depose defendant John D. Scarbrough, Sr., it shall at that time seek leave to do. At that time the court will determine the need for further information and the factors particular to that defendant.

IT IS SO ORDERED.

*Judgment accordingly.*