Ellen Winkler has appealed from an order of the Wayne County Court of Common Pleas, denying her motion to quash a subpoena. This Court affirms.
Luann Bonewitz filed a sexual discrimination suit against her former employer, Red Ferris Chevrolet, Inc. ("Red Ferris"), and two of its employees, Dale Wolf and Kirk Spurgeon. Bonewitz served a subpoena on Ellen Winkler, an employee of Red Ferris, commanding her to appear at a scheduled deposition. Winkler filed a motion to quash the subpoena, asserting that her attendance at the deposition would cause an "undue burden" to her health and on her finances. After hearing arguments, the trial court denied the motion. From this denial, Winkler has appealed.
Winkler has assigned four errors for our review, all of which assert that the trial court erred in denying her motion to quash the subpoena.
This Court reviews a trial court's disposition of a motion to quash a subpoena for an abuse of discretion. Lampe v. Ford Motor Co. (Jan. 19, 2000), Summit App. No. 19388, unreported, at 6, citing State ex rel. TheV Cos. v. Marshall (1998), 81 Ohio St.3d 467, 469. To abuse its discretion, "the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." Nakoff v. Fairview Gen.Hosp. (1996), 75 Ohio St.3d 254, 256.
Pursuant to Civ.R.45(C)(1), "[a] party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." However, upon "timely motion, the court from which the subpoena was issued shall quash or modify the subpoena * * * if the subpoena * * * subjects a person to undue burden." Civ.R. 45(C)(3)(d). Subdivision (C)(5) further provides:
 If a motion is made under division (C)(3)(c) or (C)(3)(d) of this rule, the court shall quash or modify the subpoena unless the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated.
Winkler filed a motion to quash Bonewitz' subpoena, pursuant to Civ.R. 45(C)(3)(d), asserting that her attendance at the deposition would cause her an "undue burden." In support of her motion to quash, Winkler attached her personal affidavit in which she attests that she has no personal knowledge of information pertaining to Bonewitz because she was not employed at Red Ferris at any time when Bonewitz worked there. Winkler further swears that she is presently being sued by Matthews Ford Wooster for breach of a non-competition agreement, that her defense in that action is causing her "considerable financial difficulty," and that if she appears at the scheduled Bonewitz' deposition with an attorney, it will "increas[e her] existing financial burden." Finally, Winkler claims:
 I have been treated for high blood pressure for sometime, and I have been advised by my physician that stressful external events can have an adverse impact on my health. The prospect of unwarranted invasion into my privacy, presented by the potential deposition and the production of my confidential personnel files at Matthews Ford has introduced a new source of stress into my life, and I am concerned as to the effects of this added stress upon my health.
The trial court held a telephone conference on the matter, and although a transcript of the conversation has not been provided to this Court, both parties are in agreement that the arguments centered around an alleged affair between Winkler and Dale Wolf. Bonewitz intends on deposing Winkler about her relationship with Wolf because Wolf is the man who Bonewitz claims sexually harassed her while she was employed at Red Ferris. Bonewitz believes that Winkler has information concerning Wolf's pattern of sexual harassment, particularly because Winkler has worked with Wolf at both Red Ferris and Matthews Ford, and because of the allegations of a sexual relationship between the two. Counsel for Bonewitz said that Winkler would not be questioned about her non-competition agreement with Matthews Ford. Winkler has argued that such questioning "is clearly an abuse of the discovery process" because it requires her "to divulge the most personal information[,]" and would therefore "clearly constitute an extreme invasion of [her] privacy[.]"
This Court finds that the trial court's refusal to quash Bonewitz' subpoena does not amount to an abuse of discretion. Winkler did not present sufficient documentation to support her allegation of "undue burden." See Barbato v. Miller (May 18, 2000), Cuyahoga App. No. 76536, unreported, 2000 Ohio App. LEXIS 2101. Civ.R. 45(C) authorizes a trial court to quash or modify a subpoena if compliance would subject theperson to "undue burden." The party seeking to quash must establish "undue burden." Id.; Card v. Tatum (May 14, 1998), Cuyahoga App. No. 73678, unreported, 1998 Ohio App. LEXIS 2154; Insulation Unlimited, Inc. v. TwoJ's Properties, Ltd. (1997), 95 Ohio Misc.2d 18. "`Undue' has been defined as `exceeding or violating propriety or fitness; EXCESSIVE, IMMODERATE, UNWARRANTED; * * * contrary to justice, right, or law: UNLAWFUL.'" (Citation omitted.) Insulation Unlimited, supra, at 28.
Without more, Winkler's statements that the deposition will cause her to spend more money on an attorney and could cause her high blood pressure to increase, do not constitute an "undue burden." CompareBarbato, supra (finding medical documentation that the 89-year old's appearance at trial would exacerbate her already deteriorating health was sufficient to establish an "undue burden"), and Card, supra (concluding that a doctor's note evidenced "undue burden").
Accordingly, Winkler's assignments of error are overruled and the judgment of the court of common pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
BAIRD, P.J., SLABY, J. CONCUR.