[Cite as *Hoerig v. Tiffin Scenic Studios, Inc.*, 2011-Ohio-6103.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# SENECA COUNTY

KEVIN J. HOERIG,

    PLAINTIFF-APPELLANT,          CASE NO. 13-11-18

    v.

TIFFIN SCENIC STUDIOS, INC., ET AL.,      O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Seneca County Common Pleas Court
Trial Court No. 10-CV-0248

**Judgment Affirmed**

**Date of Decision: November 28, 2011**

APPEARANCES:

    *Christopher S. Clark* for Appellant

    *Barbara A. Knapic and Denise A. Gary* for Appellee, Tiffin Scenic
    Studios, Inc.

    *Carolyn S. Bowe* for Appellee, Industrial Commission of Ohio

**PRESTON, J.**

{¶1} Plaintiff-appellant, Kevin Hoerig (hereinafter "Hoerig"), appeals the Seneca County Court of Common Pleas' verdict determining that he is not entitled to participate in the Ohio Workers' Compensation Fund. For the reasons that follow, we affirm.

{¶2} On February 9, 2009, Hoerig was hanging theater stage curtains as a Tiffin Scenic Studios, Inc. (hereinafter "Scenic") employee. (May 16, 2011 Tr. at 62). While hanging the curtains, Hoerig pulled a rope carrying draperies weighing approximately 140 pounds. (Id. at 68). Hoerig reached over his head to fasten the draperies. (Id. at 66). Hoerig alleges he injured his shoulder while reaching over his head to hang the stage curtains. (Id. at 69). Hoerig worked with Timothy Felter (hereinafter "Felter") for the two days following his alleged injury. (Id. at 74-78).

{¶3} On February 20, 2009, Hoerig filed a claim with the Ohio Bureau of Workers' Compensation (hereinafter "BWC"), alleging he had sprained his right rotator cuff while working for Scenic. The BWC disallowed Hoerig's claim. (Doc. No. 5). Hoerig appealed the BWC's decision. (Id.).

{¶4} On April 20, 2009, the District Hearing Officer with the Industrial Commission of Ohio (hereinafter "ICO") held a hearing on Hoerig's appeal. (Id.). The District Hearing Officer allowed Hoerig's claim for the condition of "right

rotator cuff strain." (Id.). Scenic appealed the District Hearing Officer's decision. (Doc. No. 8).

{¶5} On June 15, 2009, a Staff Hearing Officer with the ICO held a hearing on Scenic's appeal. (Id.). The Staff Hearing Officer affirmed the decision, allowing the claim for "right rotator cuff/shoulder strain." (Id.). Scenic filed a second appeal with the ICO on July 7, 2009. (Doc. No. 11). The ICO refused the appeal on July 15, 2009. (Id.).

{¶6} On December 2, 2010, Scenic filed an appeal with the Seneca County Court of Common Pleas pursuant to R.C. 4123.512. (Doc. No. 2). The Seneca County Court of Common Pleas assigned the matter case number 10 CV 0607. (Id.).

{¶7} On August 19, 2009, Hoerig filed a motion with the BWC requesting the additional condition of "tear right rotator cuff." (Doc. No. 4). The BWC amended Hoerig's claim to include "tear rotator cuff, right" on August 28, 2009. (Id.). Scenic filed an appeal of the amended claim on September 11, 2009. (Id.).

{¶8} On December 11, 2009, the District Hearing Officer with the ICO held a hearing on Hoerig's additional condition of "tear rotator cuff, right." (Doc. No. 5). The District Hearing Officer allowed the condition. (Id.). Scenic appealed the District Hearing Officer's decision. (Doc. No. 6).

{¶9} On February 3, 2010, the Staff Hearing Officer held a hearing and affirmed the District Hearing Officer's decision. (Id.). Scenic filed a second appeal on the additional condition. (Doc. No. 8). The ICO refused the appeal. (Id.).

{¶10} On April 27, 2010, Scenic filed an appeal of the additional condition "tear rotator cuff, right" with the Seneca County Court of Common Pleas pursuant to R.C. 4123.512. (Doc. No. 2). The Seneca County Court of Common Pleas assigned the matter case number 10 CV 0248. (Id.).

{¶11} On June 16, 2010, Hoerig filed a motion with the BWC for the additional condition of "right bicipital tenosynovitis and right shoulder impingement." (Doc. No. 4). The BWC allowed the additional condition of "right bicipital tenosynovitis and right shoulder impingement" on June 29, 2010 (Id.). Scenic appealed the BWC's order on July 12, 2010. (Id.).

{¶12} On August 5, 2010, the District Hearing Officer held a hearing on the additional condition. (Id.). The District Hearing Officer allowed the additional condition of "right bicipital tenosynovitis and right should impingement." (Id.). Scenic appealed the order on August 23, 2010. (Doc. No. 6).

{¶13} On September 22, 2010, the Staff Hearing Officer held a hearing on Scenic's appeal. (Id.). The Staff Hearing Officer affirmed the District Hearing

Officer's order. (Id.). Scenic filed a second appeal of the order with the ICO on October 6, 2010. (Doc. No. 8). The ICO refused the appeal. (Id.).

{¶14} On November 4, 2010, Scenic filed an appeal of the order with the Seneca County Court of Common Pleas pursuant to R.C. 4123.512. (Doc. No. 2). The Seneca County Court of Common Pleas assigned the matter case number 10 CV 0562. (Id.). The trial court consolidated the three cases under case number 10 CV 0248 on January 26, 2011. (Doc. No. 17).

{¶15} On May 5, 2011, Scenic filed Defendant's "Motion to Quash the Subpoena Served by Plaintiff on Tim Felter." (Doc. No. 39). The trial court granted Scenic's motion on May 6, 2011. (Doc. No. 43).

{¶16} On May 9, 2011, Hoerig filed a "Motion for Reconsideration of Court's Judgment Entry Granting Defendant's Motion to Quash Subpoena Served on Tim Felter with Memorandum in Support." (Doc. No. 46). The trial court denied the motion for reconsideration on that same day. (Doc. No. 53).

{¶17} The Seneca County Court of Common Pleas held a jury trial from May 16, 2011 through May 18, 2011. (Doc. No. 69). The jury determined that Hoerig was not entitled to participate in the Ohio Workers' Compensation Fund for the conditions of "right sprain rotator cuff, tear right rotator cuff, right bicipital tenosynovitis, and right shoulder impingement." (Doc. No. 65-70). The Seneca

County Court of Common Pleas entered judgment in favor of Scenic. (Doc. No. 69).

{¶18} Hoerig filed a notice of appeal on June 6, 2011, raising two assignments of error. We will address each assignment of error in turn.

### ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED DEFENDANT'S MOTION TO QUASH THE SUBPOENA SERVED UPON TIMOTHY FELTER AS DEFENDANT HAD NO STANDING PURSUANT TO CIV. R. 45.**

{¶19} In his first assignment of error, Hoerig argues the trial court abused its discretion by granting Scenic's motion to quash the subpoena served on Felter. Hoerig argues Scenic did not have standing to file the motion to quash under rule 45 of the Ohio Rules of Civil Procedure. Hoerig relies on the language of the rule, which permits a court to quash a subpoena when it "[s]ubjects a person to undue burden." Civ.R. 45(C)(3). Hoerig argues Civ.R. 45 requires the subpoenaed person, in this case Felter, to show the undue burden. Hoerig claims Scenic did not have standing to quash the subpoena of Felter because Scenic was not the subpoenaed person.

{¶20} In reviewing whether a trial court erred in granting a motion to quash a subpoena, this Court applies an abuse of discretion standard. *State ex rel. The V Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 469, 692 N.E.2d 198. An abuse of

discretion connotes more than an error of judgment; rather, it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶21} In order to have standing, a party must have an actual or imminent injury, there must be a causal connection between the injury and the conduct the party is addressing, and the court must be capable of redressing the injury with its decision. *Lujan v. Defenders of Wildlife* (1992), 504 U.S. 555, 560, 112 S. Ct. 2130. Civ.R. 45 provides specific instances when a party suffers an injury sufficient for standing to file a motion to quash a subpoena. These instances include when the subpoena does not provide a reasonable time period for the party to comply, when the subpoena requires the party to disclose privileged information, when the subpoena requires the party to disclose work product, or when the subpoena "subjects a person to an undue burden." Civ.R. 45(3)(a)-(d).

{¶22} Courts have long considered a corporation a person for the purposes of the law. *Lewis D. Johnson v. Humphrey PopCorn Co.* (1902), 14 Ohio C.D. 135, 1902 WL 19738, *3. A corporation acts, in many respects, like a person. *Cook Cty., Ill., v. U.S. ex rel. Chandler* (2003), 538 U.S. 119, 125, 123 S.Ct. 1239. For example, a corporation may own property, enter into a contract, sue another party, and be sued. Id. As a corporation, Scenic is considered a person for the purposes of the law. Under a strict reading of Civ.R. 45, "a person" may make a

motion to quash a subpoena when that person suffers an undue burden. The rule does not state the person suffering the undue burden must be the subpoenaed person as Hoerig argues. See id. Consequently, Scenic had standing to make a motion to quash the subpoena on Felter if the subpoena subjected Scenic to an undue burden.

{¶23} Courts have recognized an undue burden as one that is "* * * excessive, immoderate, unwarranted." *Bonewitz v. Chevrolet* (2001), 9th Dist. No. 01-CA-0006, at *2, citing *Insulation Unlimited, Inc. v. Two J's Properties, Ltd.* (1997), 95 Ohio Misc.2d 18, 28 (emphasis omitted). In its motion, Scenic included an affidavit of Brad Hussler, Scenic's President. (Doc. No. 39). The affidavit verified that Felter would be working for Scenic in Charlotte, North Carolina at the time of the trial. Id. Returning Felter to Ohio for the trial would cost Scenic over six thousand dollars in travel costs, overtime pay, and other expenses. Id. We cannot find that the trial court abused its discretion in determining that Scenic is a "person" under Civ.R. 45 and that six thousand dollars was an undue burden.

{¶24} This ruling is also consistent with prior case law where courts have permitted employers to file motions to quash subpoenas served on their employees. *In re Deposition of Turvey*, 3d Dist. No. 15-02-07, 2002-Ohio-6008 (hospital filed motion to quash subpoena served on its medical staff coordinator);

*Chiasson v. Doppco Dev.*, 8th Dist. No. 93112, 2009-Ohio-5013 (employer filed motion to quash subpoena served on its outside IT administrator). This Court has stated that an employer has standing to maintain a motion to quash a subpoena served on an employee where the information sought was obtained while the employee was "acting within the course and scope of her employment." *Turvey* at ¶13. Allegedly, Felter's testimony would have informed the jury of Hoerig's conduct while he was working with Felter on the days following his injury. Thus, the information Hoerig sought to elicit from Felter was obtained while Felter was acting within the course and scope of his employment with Scenic. Therefore, we cannot find that the trial court abused its discretion in finding Scenic had standing to file a motion to quash the subpoena served on Felter.

{¶25} Hoerig's first assignment of error is, therefore, overruled.

## ASSIGNMENT OF ERROR NO. II

**THE ACTION OF THE TRIAL COURT IN GRANTING DEFENDANT'S MOTION TO QUASH THE SUBPOENA SERVED UPON TIMOTHY FELTER CONSTITUTES PREJUDICIAL AND REVERSIBLE ERROR.**

{¶26} In his second assignment of error, Hoerig argues the trial court's action in granting Scenic's motion to quash the subpoena on Felter is prejudicial and reversible error because Hoerig could not meet his burden of proof without Felter's testimony. Hoerig alleges Felter would have provided testimony

corroborating Hoerig's claim that he was injured while working for Scenic. Hoerig argues his burden of proof was essentially insurmountable without Felter's testimony supporting Hoerig's claim.

{¶27} According to Civ.R. 45, a motion filed to quash a subpoena due to an undue burden "shall be supported by an affidavit of the subpoenaed person or a certificate of that person's attorney of the efforts made to resolve any claim of undue burden." Additionally, the rule states that "the court shall quash or modify the subpoena unless the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship." Civ.R. 45. The rule further provides that the party will be "reasonably compensated" for the undue burden. Civ.R. 45.

{¶28} Hoerig correctly argues the trial court erred in granting Scenic's motion to quash the subpoena on Felter without including an affidavit of efforts made to resolve the undue burden or giving Hoerig an opportunity to respond. Civ.R. 45 requires that the attorney opposing the subpoena attempt to resolve any claim of undue burden and provide the court with an affidavit or certificate of the efforts made to resolve the issue. *Future Communications, Inc., v. Hightower*, 10th Dist. No. 01AP-1175, 2002-Ohio-2245, ¶17. Scenic failed to make any effort to resolve the undue burden with Hoerig, arguing such actions would have been

"futile." Consequently, Scenic failed to include the required affidavit or certificate because Scenic had not made the required attempt.

{¶29} The trial court also erred in granting Scenic's motion to quash the subpoena on Felter without giving Hoerig an opportunity to respond to Scenic's motion. Scenic filed its motion to quash on May 5, 2011. The trial court granted the motion on May 6, 2011. The immediate ruling on the motion did not provide Hoerig with an opportunity to respond and demonstrate he had a substantial need for the testimony that could not be met without undue hardship as required under Civ.R. 45.

{¶30} However, we cannot find that the trial court's errors were prejudicial and reversible errors. A trial court has considerable discretion in discovery matters, as well as the admission or exclusion of evidence. *Manofsky v. Goodyear Tire & Rubber Co.* (1990), 69 Ohio App.3d 663, 668, 591 N.E.2d 752, citing *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 63, 295 N.E.2d 659. An *ex parte* ruling on a motion to quash a subpoena can be considered harmless error where the subpoena is unduly burdensome. *Eitel v. Eitel* (Aug. 23, 1996), 4th Dist. No. 95CA11, at *5 (court affirming the trial court's *ex parte* quashing of subpoenas, "finding they were unreasonable, oppressive, and unduly burdensome and would not lead to relevant testimony.")

{¶31} In the present case, we cannot find Hoerig would have been successful in opposing the motion to quash by demonstrating a substantial need for the testimony that could not otherwise be met without undue hardship, as required under Civ.R. 45. See, also, *Bonewitz* at *1. Scenic demonstrated it would suffer an undue burden of six thousand dollars as a result of the subpoena on Felter. Civ.R. 45 states that when the subpoena subjects a person to an undue burden, the court "shall" grant the motion, unless the party issuing the subpoena demonstrates a substantial need and undue hardship. *Future Communications* at ¶18. See, also, *Eitel*, at *5. Hoerig argues he had a substantial need for the testimony because Felter would have corroborated his claim. Hoerig alleges Felter would have testified that he had complained his shoulder hurt while working with Felter in the days following the alleged injury, and that this testimony was essential for Hoerig to meet his burden of proof. However, Scenic accurately points out that Felter's alleged testimony is speculative because Hoerig never deposed Felter and relies solely on an unsworn written statement.

{¶32} Even if Hoerig had a substantial need for this testimony, the facts could have been otherwise presented without undue hardship. Hoerig's witness list included Terry Irwin (hereinafter "Irwin"), who was working with Hoerig on the day of his alleged injury. (Doc. No. 23). Hoerig could have called Irwin, had he been properly served, to testify that he hurt his shoulder. (Doc. No. 16). Like

Felter, Irwin had given an unsworn written statement consistent with Hoerig's claim. (Id.). In addition to Irwin, Hoerig could have called his mother, Margaret Hoering-Jennings. (Doc. No. 23). According to the trial court's record, Hoerig's mother could have testified that Hoerig did not injure his shoulder while working in her house as Scenic alleged, but that Hoerig had previously injured his shoulder while working for Scenic. (Doc. No. 16). Hoerig did not call either of these witnesses at trial, instead relying on the testimony of Hoerig and his fiancé, who would benefit from Hoerig's compensation for his injury. (May 16, 2011 Tr. at 48-158). Hoerig provides little explanation for why he chose not to call these witnesses and fails to explain how calling these witnesses instead of Felter would have caused him undue hardship. Thus, Felter was one part of the cumulative evidence Hoerig could have presented. Hoerig failed to present all of the potential evidence at his disposal to meet his burden of proof. Hoerig also failed to request to continue the trial until a time when Felter and/or Irwin would be available. Consequently, this Court cannot find that the trial court's decision to grant the motion to quash the subpoena on Felter was prejudicial and reversible error.

{¶33} Furthermore, Scenic provided substantial evidence in opposition to Hoerig's claim. Scenic offered testimony from Randy Groves and Scott Swander, with whom Hoerig had also worked in the days following his alleged injury. (May 17, 2011 Tr. at 252-59). Both men testified that Hoerig did not mention his

-13-

allegedly injured shoulder, and Hoerig was observed raising his allegedly hurt arm to cut a hole in the ceiling. (Id.). During his testimony, Hoerig admitted doing work in his mother's home after he allegedly injured his shoulder. (May 16, 2011 Tr. at 90-94). This work included installing a countertop, sink, mirror, light, backsplash, and tile. (Id. at 134-43). Scenic also offered testimony that Scenic terminated Hoerig's employment after Scenic discovered Hoerig was collecting unemployment compensation while working for them. (May 17,2011 Tr. at 197). Finally, Scenic provided evidence that Hoerig only reported his alleged injury after Scenic terminated his employment. (Id. at 189-92). In light of the alternative available evidence, the trial court's broad discretion, and the substantial evidence contrary to Hoerig's claim, we cannot find that the trial court's granting of Scenic's motion to quash the subpoena on Felter was prejudicial and reversible error.

{¶34} Hoerig's second assignment of error is, therefore, overruled.

{¶35} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS, P.J., concurs.**

**SHAW, J., concurs in Judgment Only.**

**/jlr**